## PROVIDENCE COUNTY.

—•—

### GEORGE A. BURROUGH *vs.* GEORGE H. HILL.

The year mentioned in Pub. Stat. R. I. cap. 221, § 2, within which a petition for a new trial may be filed in the Supreme Court, begins to run on the entry of final judgment, and, in the case of exceptions or appeal, from the entry of judgment of affirmance.

Thus, when exceptions were taken to the Court of Common Pleas and sustained, and the case was remitted for a new trial, and, by error of counsel, was not reëntered, and the former judgment was affirmed on petition, —

*Held*, that the year ran from the date of the affirmance.

When counsel obtained a new trial on exceptions, and failed to reënter the case in the court below, alleging that, deceived by the similarity of the name of another case on the docket of the court below, he supposed the reëntry had been made, the court, with some hesitation, granted a new trial, on the ground of accident and mistake.

PLAINTIFF'S petition for a new trial.

*December* 10, 1885. DURFEE, C. J. This is a petition by the plaintiff for a new trial, on the ground of accident or mistake. The case was begun in the Court of Common Pleas at the June Term, 1882. At the next December Term judgment was rendered for the defendant for his costs, and the case was taken to this court on exceptions. The exceptions were sustained, and the

case was remitted for new trial July 7, 1883. It should have been reëntered by the plaintiff in the Court of Common Pleas on or before the second day of the December Term, 1883.[1] The reentry was omitted. On the eighteenth day of the December Term, 1884, the judgment for the defendant was affirmed, with additional costs, after hearing. The omission to reënter was owing to the following alleged accident or mistake on the part of the plaintiff's counsel. The counsel brought, besides this action, another action in the Court of Common Pleas against the same defendant at the June Term, 1882, to wit, the action of *George R. Bennett* v. *George H. Hill,* the counsel in both cases being the same. In *Bennett* v. *Hill,* judgment was rendered for the plaintiff at the June Term, 1883, and the case was carried by the defendant on exceptions to this court. Thereupon the case should have been dropped from the Common Pleas docket; but, by an oversight of the clerk, it was retained. The counsel, who, according to custom, had delayed to reënter this case until the commencement of the December Term, looking at the docket, then saw the case of *Bennett* v. *Hill* there, and, misled by the similarity of the names, and by the travel of the two cases, took it for *Burrough* v. *Hill,* and supposed that the latter case had been reëntered. The plaintiff contends that but for the oversight of the clerk, and the consequent mistake of the counsel, the omission to reënter would not have occurred, and that he is, therefore, entitled, by reason of the accident or mistake, to a new trial. We think there was, to say the least, a considerable admixture of negligence or inattention on the part of the counsel. We have, however, come to the conclusion, though not without a good deal of hesitation, that there was enough of accident or mistake to entitle the plaintiff to a new trial on terms, if the petition was seasonably preferred.

---

[1] In the case of *Mary Lyons* v. *Providence Washington Insurance Company* there was a similar omission to reënter after a decision sustaining exceptions, and remitting the case to the Court of Common Pleas for new trial; and the court then held, June 21, 1884, that a remission without any order expressly fixing the time for reëntry was a remission for a new trial at the next term, and that it was for the party obtaining the new trial to reënter the case on or before the second day of the term.

This is a petition under Pub. Stat. R. I. cap. 221, § 2,[1] under which this court is empowered to grant a new trial for the causes mentioned in any suit tried or decided in this court, or in the Court of Common Pleas, *within one year previous* to the application. The petition was filed in this court July 10, 1885, being more than a year after the judgment was originally rendered in the Court of Common Pleas, but less than a year after it was affirmed. The defendant contends that the petition is too late, because the judgment is in law a judgment of the date when it was originally entered. It is difficult to accept this view, because the judgment as affirmed is not the judgment originally entered, the costs being increased. But, however that may be, the time for the petition is not limited to a year after the judgment, but to a year after the case has been tried or decided. Therefore the question is, when was this case decided? Evidently it was not decided when the judgment was originally entered, for the case was afterwards before the Supreme Court on exceptions which were sustained. The plaintiff might have reentered the case; and, if he had reëntered it, the original judgment would, beyond question, have been utterly annulled. Evidently, therefore, the case was not decided until after the time for reëntry had gone by. But, if it was not decided before then, when afterwards was it decided before the affirmation? We are unable to find any previous time. The original judgment ceased to be a judgment when the case was taken to the Supreme Court on exceptions. It did not become a judgment again until it was affirmed. Our opinion is that the case was decided, within the meaning of the statute, when the judgment was, to use the lan-

---

[1] As follows : —

" SECT. 2. Whenever it shall be made to appear, to the satisfaction of the Supreme Court, by any party or garnishee in a suit which shall have been tried or decided therein, or which shall have been tried or decided in the Court of Common Pleas within one year previous to such application, that, by reason of accident, mistake, or any unforeseen cause, judgment has been rendered in such suit on discontinuance, nonsuit, default, or report of referees, or that such party or garnishee had not a full, fair, and impartial trial in such suit, or, in case a trial has been had in such case, that a new trial therein should be had, such court may grant such trial or new trial upon such terms and conditions as they shall prescribe."

guage of the statute, affirmed with additional costs, and that the petition, having been entered in less than a year afterwards, was in time.

*New trial granted, the plaintiff to pay the defendant's costs, and to recover no costs up to the present time.*

*Daniel L. D. Granger,*[1] for petitioner.

*Joseph C. Ely,* for respondent.